**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**AT COVINGTON**

**CIVIL ACTION NO. 05-9-DLB**

**GEORGE FERGUSON, Individually,**
**and as Parent of**
**GABRIELLA FERGUSON, a Minor**                                    **PLAINTIFFS**


**vs.**                          **MEMORANDUM OPINION & ORDER**


**AVENTIS PASTEUR INC., ET AL.**                                   **DEFENDANTS**


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This case involves a products liability action against certain manufacturers and distributors of thimerosal, a vaccine preservative, and of vaccines containing thimerosal. The case is before the Court on several pending motions; namely, a Joint Motion to Dismiss by Defendants GlaxoSmithKline, Merck and Company, Inc., Abbott Laboratories, Wyeth Laboratories, and Aentis Pasteur Inc. (Doc. #8); Motion to Dismiss by Defendant Eli Lilly Company, Inc. (Doc. #10); Plaintiffs' Motion to Strike (Doc. #23); Plaintiffs' Motion to Amend Complaint (Doc. #24); and Defendant Eli Lilly Company, Inc.'s Motion for Oral Argument (Doc. #32).

**Factual and Procedural Background**

Plaintiff George Ferguson originally filed this lawsuit in the Boone County, Kentucky, Circuit Court. Also named as Plaintiff is his daughter, Gabriella Ferguson, who is autistic. They allege Gabriella's autism was caused by mercury poisoning; mercury found in thimerosal, a preservative used in childhood vaccines. The Fergusons sued for

themselves, and on behalf of a proposed class of all other similarly-situated persons.  They asserted state-law claims of strict liability, negligence, breach of implied warranty, and fraud against certain Defendants alleged to be manufacturers and distributers of the vaccines containing thimerosal.[1]   The Complaint seeks damages for serious harm, including the establishment of "a fund that would pay an exhaustive, independent scientific study of all mercury overdosed babies, for their ongoing medical care, evaluation, testing, [and] diagnosis"; damages for special education for the ill children, loss of future earnings, past and future medical expenses, pain and suffering, loss of consortium, and punitive damages.

The action was removed to this Court.  Following removal, certain of the Defendants – Abbott Laboratories, Aventis Pasteur Inc., Merck & Co., Inc., SmithKline Beecham Corporation, d/b/a GlaxoSmithKline, and Wyeth, f/k/a American Home Products Corporation (collectively referred to as "Vaccine Defendants") moved to dismiss Plaintiff Gabriella Ferguson's claims against them for medical and special education expenses. They submit the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to 34 (hereafter "Vaccine Act") is a federally mandated administrative remedy that requires vaccine-related injury claims be presented initially to the U.S. Court of Federal Claims (otherwise known as the Vaccine Court) and exhausted pursuant to the statutory procedure.  In light of this mandatory and exclusive procedure, the Vaccine Defendants argue, this Court lacks subject matter jurisdiction over minor Gabriella Ferguson's claims. These Defendants also move for dismissal of Plaintiff George Ferguson's claims for mental

---

[1]The Complaint also has a count for medical practice against "John Doe" physicians who administered the vaccines, for failing to warn parents of the vaccine's mercury content and to offer alternative mercury-free vaccines.
Plaintiffs have voluntarily dismissed Gallipot, Inc., Pfizer Inc., and Integra Biosciences, Inc. as Defendants to this action.

distress and loss of consortium.  They submit these claims fail as a matter of Kentucky law, and therefore dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) is warranted.

Defendant Eli Lilly and Company ("Lilly") also moves to dismiss Plaintiffs' claims against it.  Lilly, too, relies upon the provisions of the Vaccine Act as providing exclusive jurisdiction over Plaintiff Gabriella Ferguson's claim, and that George Ferguson's distress and consortium claims against it are not viable under Kentucky law.  Lilly's reliance upon the Vaccine Act is for a reason different from that offered by the Vaccine Defendants.  Lilly claims it is entitled to the benefit of the Vaccine Act because Plaintiffs' Complaint alleges Lilly is a vaccine manufacturer, though Lilly has not manufactured childhood vaccines since the late 1970s.  Instead, Lilly informs that it has manufactured and/or sold the thimerosal component of vaccines from the mid-1980s until 1992.  Nevertheless, argues Lilly, since the Complaint asserts Lilly is a vaccine manufacturer, it is therefore entitled to dismissal of the claims in this Court, based upon lack of jurisdiction.

Alternatively, Lilly submits that even were its actions to instead be correctly viewed as associated with the thimerosal and not the vaccines, the Vaccine Act still dictates dismissal.  It maintains that the Act covers not just claims directly related to vaccines, but also "vaccine-related" claims.  It submits that the thimerosal is a constituent part of the vaccine and, therefore, that any claims pertaining to thimerosal are therefore vaccine-related claims.  As such, these claims are governed by the Vaccine Act and must first be exhausted in the Vaccine Court.

In their Response to these Motions to Dismiss, Plaintiffs agree that "[a]ll claims in the complaint compensable in the United States Court of Federal Claims under the Vaccine Program should be dismissed without prejudice so that [Plaintiffs] ... may make appropriate

3

claims." (Doc. #18, p.1) But Plaintiffs submit that other claims they assert that are not compensable under the program and to which the Vaccine Act poses no jurisdictional bar should not be dismissed. In particular, they point to George Ferguson's claim for fraud and Gabriella Ferguson's claim for loss of parental consortium. They also contend that all claims against Lilly and the other Defendant thimerosal manufacturers should remain before this Court since because of a 2003 statutory amendment, thimerosal manufacturers are no longer viewed as vaccine manufacturers under the Act and therefore cannot seek to invoke the statute's jurisdictional provisions.

In Reply, the Vaccine Defendants argue Plaintiffs' Complaint did not assert a minor's loss of consortium claim. They also contend that the fraud claim should either be dismissed for failure to adequately plead to comply with Federal Civil Rule 9(b), or be stayed until completion of the Vaccine Act administrative proceedings. Defendant Lilly joins in these arguments. It also replies that Plaintiffs have not sued it as a manufacturer of thimerosal, but that even as such it still falls within the Vaccine Act's definition of a manufacturer under case law interpreting what constitutes a component manufacturer.

Plaintiffs move to strike certain of these defense reply arguments; namely, the request for a stay of the fraud claim or that this claim has been inadequately pled. Plaintiffs protest that these are new contentions outside the permissible scope of a reply. Plaintiffs also move for leave to file an amended complaint. The proposed amended complaint remedies some of the earlier-raised defense arguments. Specifically, the only separately enumerated claim now asserted against the Vaccine Defendants is one labeled "fraud and conspiracy." The Amended Complaint still asserts claims for strict products liability,

4

negligence, and breach of implied warranty, but against Defendant Lilly only, as the developer of "pharmaceutical products and thimerosal for the vaccines at issue."

Defendants oppose the motion to amend. They submit the amended complaint still fails to properly state a claim for fraud or loss of consortium and that therefore any amendment would be futile. And Defendant Lilly continues to maintain that the state-law products claims against it are jurisdictionally barred by the Vaccine Act, despite Plaintiffs challenging their allegation to assert Lilly is a thimerosal, rather than vaccine, manufacturer.

### Discussion

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend "once as a matter of course at any time before a responsive pleading is served[.]" Fed. R. Civ. P. 15(a). Motions to dismiss are not considered "responsive pleadings" for purposes of Rule 15(a). *Youn v. Track, Inc.,* 324 F.3d 409, 415 & n.6 (6th Cir. 2003). Thus, Plaintiffs are permitted to file their Amended Complaint without seeking leave of this Court or consent of the Defendants to do so, despite Defendants' protests. Therefore, their Motion to Amend Complaint pursuant to Rule 15 will be denied as moot, and their tendered Amended Complaint filed of record as a matter of course, to the extent it asserts an amended cause of action by Plaintiffs George Ferguson and Gabriella Ferguson.

However, although not stated on the face of Plaintiffs' Motion, they also seek to join some 12 additional persons as plaintiffs to this proceeding. Aside from a passing reference by Defendants that the addition of these persons impacts Plaintiffs' assertion of this matter as a proposed class action, the joinder issue has not been formally presented by Plaintiffs nor addressed by the parties. Accordingly, to remedy this deficiency, Plaintiffs' Motion will

5

be ordered redocketed as a motion for joinder, with Plaintiffs to submit a memorandum in support of this particular requested action.

Turning to the merits of Plaintiffs' claims as they appear in the Amended Complaint, Defendants have raised several challenges thereto.[2] First, the majority of Plaintiffs' claims against the Vaccine Defendants have been eliminated from the Amended Complaint. Therefore, to the extent not otherwise clear, Plaintiffs' strict products liability, negligence, and breach of warranty claims previously asserted against the Vaccine Defendants will be dismissed without prejudice for lack of subject matter jurisdiction.

Second, Lilly challenges the assertion of these same state-law claims against it. Lilly moved to dismiss these claims as stated in Plaintiffs' original Complaint, and also contested the continued assertion of these claims against it as contained in Plaintiffs' proposed Amended Complaint by opposing that requested amendment, which amendment is now filed as a matter of right.

The Complaint identified Lilly as a vaccine manufacturer; the Amended Complaint identifies Lilly as a thimerosal manufacturer. Lilly submits that even as such, it falls within the Vaccine Act's definition of "manufacturer," and these vaccine-related claims against it must be dismissed and instead exhausted in Vaccine Court pursuant to the Vaccine Act. In opposing dismissal, Plaintiffs' primary argument is that the definition of "manufacturer"

---

[2]In Defendants' Replies to their Initial Motions to Dismiss, movants sought to challenge the sufficiency of the fraud claim as pled in the original Complaint, and also sought a stay of that claim if not dismissed. As Plaintiffs correctly note, these were contentions newly raised in the Replies. However, at the time of Plaintiffs' filing of their Motion to Strike, the Court's joint local rules had just been amended, including LR 7.1 on motions. LR 7.1(c)(2) addressing the scope of replies does not appear in the current local rules and, though the limitation is still favored, it is no longer an express mandatory provision. Since Plaintiffs' Motion to Strike responds to the merits of those matters newly raised, the Court will construe it as a motion for leave to sur-reply, which will be granted.

under the Act previously included manufacturers of vaccine components; however, this provision of the definition was repealed in 2003.  Since the reference to component manufacturers was eliminated, argue Plaintiffs, Lilly no longer qualifies as a manufacturer and so can be sued in tort outside the Vaccine Court.  However, the analysis is not as straightforward as Plaintiffs present.

In support of dismissal, Lilly relies heavily upon an unpublished decision of the Vaccine Court, *Leroy v. Secretary of the Department of Health & Human Servs.,* 2002 WL 31730680 (Fed. Cl.).  The court in *Leroy* found that its jurisdiction over claims for "vaccine-related injury or death" included injuries allegedly caused by the thimerosal component. At that time of the *Leroy* decision, the claims for "vaccine-related injury or death" over which the Vaccine Court had jurisdiction were defined in the Act as "an illness, injury, condition, or death associated with one or more of the [Table] vaccines."  42 U.S.C. § 300aa-33(5). The term "vaccine," however, was not defined in the Act.  The *Leroy* court, after extensive discussion of the various sources for interpreting and understanding the word "vaccine," ultimately found that the thimerosal preservative is a component or constituent of the vaccine itself, and so injury allegedly associated with thimerosal was a "vaccine-related injury" over which it had jurisdiction.  *Id.* at *7-8.  Finally, the *Leroy* court believed this interpretation to be consistent with the Act's legislative history and the overall statutory scheme.

> If Congress desires to exclude from the Vaccine Act injuries that allegedly result from a component of a vaccine, such as the thimerosal preservative, thus enabling vaccinees to seek initial relief in civil court, Congress has the power to do so.  This court does not.

*Id.* at 10.

7

As noted in *Troxclair v. Aventis Pasteur, Inc.,* 864 A.2d 1147 (N.J. Super. 2005), very shortly after the *Leroy* decision the statute was indeed amended by the passage of the Homeland Security Act, Pub. L. 107-296 Title XVII §§ 1714 to 1717, which in part amended § 300aa-33, Paragraphs (3) and (5).

> Specifically, Paragraph (3) was amended to include the following underlined language:
>
>> The term "manufacturer" means any corporation, organization, or institution, whether public or private ... which manufactures, imports, processes, or distributes <u>any vaccine set forth in the Vaccine Injury table, including any component or ingredient of any such vaccine</u> ....   The term "manufacture" means to manufacture, import, process, or distribute a vaccine, <u>including any component or ingredient of any such vaccine</u>.
>> [Pub.L. 107-296, § 1714 (Nov. 25, 2002).]
>
>> Paragraph (5) was amended by adding language stating "an adulterant or contaminant shall not include any component or ingredient listed in a vaccine's product license application or product label." Pub.L. 107-296, § 1715 (Nov. 25, 2002) ....

*Troxclair,* 864 A.2d at 1151-52.   In addition to the changes in the statute as noted in *Troxclair,* the 2002 amendments also defined the term "vaccine":

> (7)    The term "vaccine" means any preparation or suspension, including but not limited to a preparation or suspension containing an attenuated or inactive microorganism or subunit thereof or toxin, developed or administered to produce or enhance the body's immune response to a disease or diseases and includes all components and ingredients listed in the vaccines's product license application and product label.
> [Pub.L. 107-296, § 1716 (Nov. 25, 2002).]

These amendments, however, were short-lived.  Specifically, on February 20, 2003, the Homeland Security Act was amended, repealing the November 25, 2002, amendments to §§ 300aa-33(3), (5) and (7).   But in a section of the amendments identified as "Rule of Construction," Congress expressed that:

8

> No inference shall be drawn from the enactment of sections 1714 through 1717 of the Homeland Security Act of 2002 ... or from this repeal ... regarding the law prior to enactment of sections 1714 through 1717 of the Homeland Security Act of 2002.  Further, no inference shall be drawn that ... [this repealer] ... which amended this section and was formerly set out as a note under this section ... affects any change in that prior law, or that **Leroy v. Secretary of Health and Human Services,** Office of Special Master, No. 02-392V (October 11, 2002) [2002 WL 31730680] (Fed. Cl.)], **was incorrectly decided.**

Pub.L. 108-7, Div. L. § 102(c), Feb. 20, 2003, 117 Stat. 528 (emphasis added).

The Court finds this legislative history insightful due to Congress' clear expression that the removal of the amendments should not be interpreted as reflective of a disagreement with the decision in *Leroy*.  Plaintiffs herein point out that the statute was amended to remove references to vaccines as including "any component or ingredient" for purposes of determining a "vaccine-related injury" and the "manufacturer" of that vaccine. But Plaintiffs place undue weight upon this fact, given the *Leroy* case was decided just prior to this amending language.  Because "vaccine" was undefined, *Leroy* analyzed and concluded that "vaccine" within the Act included constituent "components or ingredients," the same phrasing used in the 2002 changes amending "vaccine" throughout the definition section.  And in removing these changes in 2003, Congress noted it was for a reason other than that *Leroy* was incorrectly decided.  These events are significant in that it leaves the *Leroy* court's analysis of the undefined term "vaccine" intact.  As such, this Court agrees that vaccine includes the constituent component of thimerosal, which in this case was manufactured by Lilly.

In so concluding, the Court is mindful that there have been decisions on both sides of this issue, as duly noted by the parties. Plaintiffs point to the often-cited Fifth Circuit decision in *Moss v. Merck & Co.,* 381 F.3d 501 (5th Cir. 2004) wherein the court found that thimerosal is a component of a vaccine, but the thimerosal manufacturer was not a "vaccine manufacturer" under the Act. But this interpretation makes selective use of the plain, ordinary meaning of the word "vaccine," depending upon which section of the Act's definitions is being referred to, and so is inconsistent with *Leroy* and the Congressionally-stated purpose of the Act. For these reasons, Plaintiffs state tort claims against Lilly are vaccine-related injury claims within the Act and so will be dismissed as jurisdictionally barred in this Court.

Defendants also seek dismissal of Plaintiffs' claims for loss of consortium. Loss of consortium was not a separately-identified claim in the Amended Complaint, but included as an item of damage in the prayer for relief. Defendants maintain that under the circumstances of this case, Kentucky law does not recognize a claim by an adult parent for the loss of a minor's consortium, or a claim by a minor child for the loss of a parent's consortium. The Court agrees. Kentucky limits both types of consortium claims to wrongful death actions. *See* K.R.S. § 411.135; *Lambert v. Franklin Real Estate Co.,* 37 S.W.3d 770, 780 (Ky. Ct. App. 2000). Plaintiffs' consortium claims under state law will therefore be dismissed. Defendants have also argued that consortium damages are a claim compensable under the Vaccine Act, though this question is one appropriately left to the Vaccine Court.

Defendants also challenge Plaintiffs' remaining claim for fraud, alleging it is insufficiently pled and barred by Kentucky law and the Vaccine Act. Having reviewed the

10

Amended Complaints' allegations in both the general factual section and under the fraud claim specifically, the Court finds this claim as asserted does not fall within the directions and warnings provision of the Vaccine Act, 42 U.S.C. § 300aa-22, and so may be asserted before this Court.  Civil Rule 9(b) requires that "the circumstances constituting fraud or mistake shall be stated with particularity," but that "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally."  Fed. R. Civ. P. 9(b).  State law governs the burden of proving fraud at trial, while the procedure for pleading fraud in federal court is governed by the requirements of Federal Rule 9(b).  A claim of fraud under Kentucky common law consists of six elements: (1) material representation; (2) which is false; (3) known to be false or made recklessly; (4) made with inducement to be acted upon; (5) acted in reliance thereon; and (6) causing injury.  *United Parcel Serv. Co. v. Rickert,* 996 S.W.2d 464, 468 (Ky. 1999).  A complaint must contain either direct or inferential allegations of these elements to sustain a recovery.  Otherwise, the claim may be dismissed pursuant to Civil Rule 12(b)(6).  Reviewing Plaintiffs' Complaint, the Court is satisfied that Plaintiffs have directly or inferentially alleged each of these elements and complied with the heightened pleading standards of Rule 9(b).  Accordingly, Defendants' request to dismiss this claim will be denied.

Finally, Defendants seek in the alternative to stay the claim for fraud pending consideration of Plaintiffs' claims in the Vaccine Court.  A court has inherent power to control the disposition of cases on its docket "with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. North American Co. Same,* 299 U.S. 248, 254 (1936).  Whether thimerosal caused Gabriella Ferguson's injuries will be an issue before the Vaccine Court.  The information generated during this inquiry is part and parcel of that

11

which would be utilized to establish Plaintiffs' fraud claim.  Parallel proceedings in search of information responsive to overlapping inquiries would be costly, time-consuming, and duplicative.  A stay during the pendency of the administrative process, with counsel to file interim status reports, should avoid these difficulties.

### Conclusion

Accordingly, for the reasons stated herein, **IT IS ORDERED** that:

(1)     Plaintiffs' Motion to Amend Complaint (Doc. #24) is hereby **denied as moot,** but only with respect to Plaintiffs' George and Gabriella Ferguson's filing of an amended pleading as a matter of right; their tendered Amended Complaint is hereby ordered **filed of record.**

(2)     To the extent Plaintiffs' Amended Complaint seeks to join additional plaintiffs to this case, Plaintiffs' Motion to Amend Complaint (Doc. #24) is hereby ordered **redocketed** as a separate motion for leave to join additional parties.  Plaintiffs shall file a memorandum in support of said joinder request within **fifteen (15) days,** absent the filing of which the Court will deny the motion for joinder.

(3)     Plaintiffs' Motion to Strike (Doc. #23) is hereby construed as a Motion for Leave to File Sur-Reply is hereby **granted.**

(4)     The Vaccine Defendants' Joint Motion to Dismiss (Doc. #8) is hereby **granted in part and denied in part.**  The motion is **granted** to the extent that Plaintiffs' state law claims for strict products liability, negligence, and breach of implied warranty against the Vaccine Defendants were voluntarily abandoned by Plaintiffs and, therefore, are hereby **dismissed, without prejudice,** as this Court lacks jurisdiction to adjudicate these claims

12

based upon the Vaccine Act.  Plaintiffs' consortium claims are also hereby **dismissed, without prejudice,** as being barred by Kentucky law and/or the subject of the Vaccine Court's jurisdiction.  The Vaccine Defendants' request to dismiss Plaintiffs' fraud claim is hereby **denied.**

(5)     Defendant Lilly's Motion to Dismiss (Doc. #10) is hereby **granted in part and denied in part.**  The motion is **granted** to the extent that Plaintiffs' state law claims for strict products liability, negligence, and breach of implied warranty against Lilly are hereby **dismissed, without prejudice,** as this Court lacks jurisdiction to adjudicate these claims based upon the Vaccine Act.  Plaintiffs' consortium claims are also hereby **dismissed, without prejudice,** as being barred by Kentucky law and/or the subject of the Vaccine Court's jurisdiction.  Lilly's request to dismiss Plaintiffs' fraud claim is hereby **denied.**

(6)     The parties' requests for oral argument, including Lilly's separately-filed Motion for Oral Argument (Doc. #32) are hereby **denied as moot.**

(7)     All remaining claims before this Court are hereby **stayed,** pending further order of the Court.  Plaintiff's counsel shall file interim status reports every **ninety (90) days**.

This 30th  day of March, 2006.



Signed By:

_David L. Bunning_    DB

**United States District Judge**

G:\DATA\Opinions\2-05-9-MOO.wpd